**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.  No. 4:17CR00313-12 JLH

MORGAN STEPHEN POOLE

**ORDER**

This Order is issued in response to the opinions of the United States Supreme Court in *United States v. Booker*, 125 S. Ct. 738 (2005), *Rita v. United States*, 127 S. Ct. 2456 (2007), *Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Gall v. United States*, 128 S. Ct. 586 (2007).

1. The Probation Office must conduct a presentence investigation and prepare a presentence report as provided in Fed. R. Crim. P. 32 and 18 U.S.C. § 3552, and the parties must likewise continue to adhere to the requirements of Fed. R. Crim. P. 32.

2. To arrive at a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in paragraph (2) of 18 U.S.C. § 3553(a), the Court expects to follow the following process in determining a sentence in this case:

   (a) The Court expects to conduct three levels of analysis in determining an appropriate sentence:

   (i) The Court will first calculate a guideline sentence, without reference to any departure from the Sentencing Guidelines that may be permitted by the Guidelines themselves (the "Guideline Sentence");

   (ii) The Court will next consider whether a sentence should be imposed that departs from the Sentencing Guidelines, based on the criteria set forth in

    the Guidelines at Sections 5K1.1 to 5K3.1 and applicable Guidelines case law permitting such departures (the "Departure Sentence"); and

  (iii) The Court will next consider whether a sentence should be imposed that is different from either the Guideline Sentence or the Departure Sentence (if any), after considering the factors set forth in 18 U.S.C. § 3553(a) (the "Non-Guideline Sentence").

(b) The Court will not presume that a Guideline Sentence is reasonable. However, recognizing that the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives, the Court will give respectful consideration to the Sentencing Guidelines, including the departure provisions of the Guidelines.

(c) The Court will state in open court the reasons for the sentence imposed in accordance with 18 U.S.C. § 3553(a).

(d) Notwithstanding the foregoing, any party may, by appropriate motion or objection, seek to persuade the Court that a different analytical framework is appropriate, or otherwise raise relevant issues of law.

3. So that the Court will have full opportunity to consider a non-Guideline Sentence if one is requested, and so that the opposing party will have a fair opportunity to respond, the Court requests that in seeking or opposing a non-Guideline Sentence the parties comply with the following:

(a) Any party seeking to have the Court impose a Non-Guideline Sentence should, within 14 days after receiving the initial version of the presentence report, or 14

days after this Order is entered, whichever is later, submit a Sentencing Memorandum that includes the following:

    (i)    the Non-Guideline Sentence the party seeks to have the Court impose;

    (ii)    the reasons the party believes the Non-Guideline Sentence is appropriate, including the reasons the sentence satisfies the factors set forth in 18 U.S.C. § 3553(a); and

    (iii)    any additional facts, not set forth in the presentence report, upon which the party intends to rely.

(b)    Any documents or other exhibits submitted in support of a Non-Guideline Sentence should be filed with the Sentencing Memorandum.

(c)    A Sentencing Memorandum should address a request for a Departure Sentence, a request for a Non-Guideline Sentence, and any other issue relevant to sentencing.

(d)    Any opposition or objection to any Sentencing Memorandum, exhibit, or other item submitted in support of sentencing, must be filed within seven days after service of the Sentencing Memorandum or other materials to which objection is made.

(e)    Copies of all Sentencing Memoranda and other materials submitted under Section 3 of this Order must be provided to the Probation Office.

4.    For good cause shown, the Court may modify the above requirements or take such other steps as justice may require.

IT IS SO ORDERED this 29th day of March, 2019.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　J. LEON HOLMES
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE