IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

VS.                              CASE NO. 4:17CR-00313-012 JLH

MORGAN STEPHEN POOLE                                                                   DEFENDANT

### DEFENDANT'S OBJECTIONS TO PSR; MOTION FOR VARIANCE FROM THE SENTENCING GUIDELINES AND ACCOMPANYING SENTENCING MEMORANDUM

Comes now the Defendant, Morgan Stephen Poole, by and through his attorney R. Brannon Sloan, Jr., and for his Sentencing Memorandum, states:

The Defendant entered a plea of guilty to a superseding information charging the Defendant with Conspiracy to Distribute Methamphetamine pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 21 U.S.C. §846.  The Defendant is subject to a statutory range of 5 years to 40 years, fines and supervised release. The parties stipulated to a base offense level of 32 and the probation office has calculated his criminal history score of VI.  The Defendant objects to certain criminal history points attributed to him and argues that category VI overrepresents the Defendant's criminal history and moves for a downward variance.

### OBJECTIONS TO PRESENTENCE REPORT

If the Defendant receives an additional point for acceptance of responsibility then his guideline range would be 151 months to 188 months. The Defendant has objections to the PSR. The objections implicate paragraphs 51, 53 and 55 and specifically object to the inclusion of 3 points in each of these paragraphs.  The Defendant claims that these crimes were outside of the

15-year period and therefore too old to be considered.

The Defendant was sentenced to 60 months probation in the crime described in paragraph 51. He was sentenced to 60 months probation in the crime described in paragraph 53. Neither of these crimes would have garnered 3 points in the criminal history calculation. In paragraph 55, the Defendant is sentenced to 72 months with 24 months suspended on a new charge. In addition, he was revoked on the two previous probation cases and received the same sentence on each concurrently. The probation office has attributed 3 points to each of these cases.

Undersigned counsel and the probation office have worked through the Defendant's ADC records and pen pack and the probation officer has described her conversations with officials at the ADC regarding the Defendant's criminal history.

As reflected in paragraph 55, the Defendant was sentenced on April 13, 1998 to 72 months incarceration with 24 months suspended. At the same time his probation was revoked regarding the crimes described in paragraphs 51 and 53. The Defendant understands that although these sentences were imposed outside of the 15-year period described in §4A1.1 (a) and §4A1.2 (e ) points can be attributed to these crimes if his incarceration for said crimes extends into the 15-year period. And that §4A1.2 (k) addresses revocations. The Defendant's conduct in the instant case began in August, 2015. The question therefore is -was he incarcerated on the paragraph 51, 53 and 55 crimes after August, 2000?

As described in paragraph 56, Mr. Poole unfortunately was convicted again on April 27, 2000 which blurs the line of incarceration for the crimes in question. The Eighth Circuit addressed a very similar situation in *U.S. v. Simms*, 695 F.3d 863 (2012). In *Simms*, the Court noted that the department of corrections face sheet along with expert testimony established the government's burden of proving that the Defendant in that case was returned to custody within the 15-yr period.

In Mr. Poole's case, the probation office has similar documents from the ADC. Significantly, the probation office maintains a document that shows that on September 24, 1998 Mr. Poole is paroled and therefore no longer incarcerated on the crimes described in paragraphs 51, 53 and 55. Other documents show that Mr. Poole is incarcerated in Faulkner Co. thereafter in 1999, but no indication as to whether it was based on a revocation or whether he was in custody due to his new case pending in Faulkner Co. described in paragraph 56. Mr. Poole argues that if his incarceration ended on September 24, 1998 relative to paragraphs 51, 53 and 55, then these crimes would be outside the 15-yr period.

## DOWNWARD VARIANCE

In the alternative, Mr. Poole argues for a downward variance based on his criminal history score overrepresenting his criminal history and his drug addiction.

If the Court finds that the crimes described in paragraphs 51 and 53, both probationary sentences, should count as 3-pointers, then it should be noted that these crimes were for possession of marijuana, driving on a suspended license, a misdemeanor carrying a weapon charge and possession of drug paraphernalia- crimes which should not be compared to the most serious crimes and attributed 3 points. These crimes occurred in 1995 and 1996 – 24 years ago.

Mr. Poole was raised by an alcoholic grandmother and experimented with LSD as early as 10 years old. He was soon using other drugs including marijuana, mushrooms, cocaine, ecstasy and methamphetamine. (See paragraph 74 of the PSR). His addiction to controlled substances has been severe and leading to injecting himself with methamphetamine. Courts have considered severe addiction as a basis for a downward variance. Mr. Poole prays that the Court consider his difficult childhood and addiction as such a basis.

Opinions from the United States Supreme Court have affirmed the authority of the federal district court to impose a non-guideline sentence as dictated by the facts and the applicable law of the case at bar. *Gall v. United States,* 128 S. Ct. 586 (2007). The Eighth Circuit Court of Appeals has held that district courts are free to vary from the sentencing guidelines based on policy disagreements with it. *United States v. Gray,* 577 F.3d 947, 950 (8th Cir. 2009). The United States Supreme Court has even stated that in addition to varying from Guideline ranges based solely on policy considerations, District Courts have the discretion to vary if they have disagreements with the Guidelines. *Kimbrough v. United States,* 552 U.S. 85 (2007). A sentencing court is allowed to consider Guideline ranges, but they are still permitted to tailor sentences in light of other statutory concerns as well." *United States v. Archuleta.* 412 F.3d 1003, 1006 (8th Cir. 2005) (quoting *United States v. Booker,* 125 S. Ct. 738 757 (2005)). Considering the factors under 18 U.S.C. 3553(a), the Defendant is requesting that this Court consider a further variance or departure from the sentencing guidelines.

### III. CONCLUSION

The Defendant requests that the Court adopt his objections and believes justice would be served with a lower sentence and respectfully requests the Court to vary from the sentencing guideline range and impose a lesser sentence than it calls for and for all other proper relief to which he is entitled.

Respectfully submitted,

R. BRANNON SLOAN, JR. (91-203)
Attorney for Defendant
217 West Second Street, Ste 115
Little Rock, AR 72201
Telephone: (501) 244-0852
brannon@brannonsloanlaw.com

**CERTIFICATE OF SERVICE**

    I, R. Brannon Sloan, Jr., certify that I have served the foregoing on AUSA Michael Gordon, via electronic filing on this the 21st day of August, 2019.

                                                    R. BRANNON SLOAN, JR.